IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER R. SWANSON SR.,<br><br>    Petitioner,<br><br>vs.<br><br>    Respondent. | 8:24CV396<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court in consideration of a letter filed by Roger R. Swanson, Sr. ("Petitioner"), on October 3, 2024, in which he requests the appointment of counsel to "help with Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody." Filing No. 1.

  The Court hereby notifies Petitioner that it intends to characterize his letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, Petitioner must cure the deficiencies discussed below.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a one-page, handwritten document that does not clearly indicate the grounds upon which Petitioner seeks habeas relief.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has not named any Respondent in this matter, which is clearly deficient.

Fourth, Petitioner did not include the $5.00 filing fee, indicating in his Petition that he is unable to pay the fee. Filing No. 1. When a petitioner files a Petition for Writ of Habeas Corpus, a petitioner has the choice of either submitting the $5.00 fee to the

Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court.

Finally, Petitioner also seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, and his prior counsel is no longer able to represent him. *Id.* "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this at this early state of the proceedings. The motion to appoint counsel contained in Filing No. 1, shall therefore be denied without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **November 25, 2024,** voluntarily withdraw his pleading, Filing No. 1, if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, Petitioner shall no later than **November 25, 2024**, file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged, but not required, to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number.

3. Petitioner is also directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis by **November 25, 2024**, if he intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. To the extent Petitioner's pleading contained a motion to appoint counsel, Filing No. 1, it is denied without prejudice to reassertion.

6. Any extensions of time to comply with this Memorandum and Order must be filed in writing with this Court before the November 25, 2024, deadline for compliance.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **November 25, 2024,** voluntarily withdraw his pleading, Filing No. 1, if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, Petitioner shall no later than **November 25, 2024**, file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged, but not required, to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number.

3. Petitioner is also directed to submit the $5.00 fee to the Clerk's office or submit a request to proceed in forma pauperis by **November 25, 2024**, if he intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. To the extent Petitioner's pleading contained a motion to appoint counsel, Filing No. 1, it is denied without prejudice to reassertion.

6. Any extensions of time to comply with this Memorandum and Order must be filed in writing with this Court before the November 25, 2024, deadline for compliance.

7. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

8. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **November 25, 2024**: Check for (1) motion to withdraw or amended petition and (2) MIFP or payment.

Dated this 25th day of October, 2024.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge