IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER R. SWANSON SR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF NEBRASKA, <br><br> Respondent. | 8:24CV396 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Filing No. 5, filed by Petitioner Roger R. Swanson Sr. ("Petitioner") on November 19, 2024, and a second motion to appoint counsel, Filing No. 4.

For the reasons that follow, this matter will not proceed further until Petitioner cures the deficiencies in the Amended Petition and either pays the $5.00 filing fee or files an application to proceed without payment of fees or costs. The motion seeking appointment of counsel shall be denied without prejudice to reassertion.

## I. FILING FEE

Petitioner filed an Amended Petition for Writ of Habeas Corpus, Filing No. 5, on November 19, 2024, but failed to include the $5.00 filing fee. Although previously instructed to do so, Petitioner has not paid the $5.00 fee or filed an application to proceed without payment of fees. *See* Filing No. 3 at 4.

While Petitioner may submit the $5.00 filing fee to the Clerk's Office, to the extent he seeks to proceed without payment of the fee, he must do so in compliance with the statute authorizing proceedings in forma pauperis, 28

U.S.C. § 1915. As such, Petitioner has the choice of either submitting the $5.00 filing fee to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. Failure to take either action within 30 days may result in the Court dismissing this case without further notice to Petitioner.

## II. AMENDED PETITION

On October 3, 2024, a letter was filed by Petitioner requesting the appointment of counsel to "help with Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody." Filing No. 1. Upon review of the letter Petitioner was notified that unless he moved to voluntary withdraw his letter within 30 days that the Court intended to characterize his letter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Filing No. 3 at 1. Petitioner was also notified that if he did intend to file a petition under § 2254 that the letter was insufficient, as it was unsigned, did not follow the appropriate form, did not name a proper respondent, and as previously discussed, did not include the filing fee or an application to proceed without payment. *Id.* at 1–3. Petitioner was also sent copies of Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to assist Petitioner with preparing his response if he intended to proceed. *Id.* at 5.

On November 19, 2024, he filed the Amended Petition. The Amended Petition contains responses to the background questions regarding Petitioner's conviction and postconviction proceedings, as well as the name of his prior counsel, and a statement that he would like early release to visit family and friends before he dies, but the remainder of the Amended Petition is blank and does not allege any grounds for habeas relief. Filing No. 5.

This matter cannot proceed on the Amended Petition as it is deficient. First, Petitioner has not listed any grounds for habeas relief. That is, he has not alleged any ground on which he claims he is being held in violation of the Constitution or laws of the United States. *See* Filing No. 5 at 5–10 (spaces provided for Grounds One through Four left blank). Further, Petitioner has again failed to name a proper respondent in his Amended Petition, naming the "State of Nebraska" as respondent. Filing No. 5 at 1. As the Court previously explained, the proper respondent in a habeas corpus challenge to present physical confinement is the warden of the facility where the prisoner is being held. Filing No. 3 at 2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005)).

Based on these deficiencies, Petitioner's Amended Petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner shall be granted leave to file a second amended petition in accordance with this Memorandum and Order.

### III. MOTION TO APPOINT COUNSEL

On October 3, 2024, a letter was filed by Petitioner requesting the appointment of counsel to "help with Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody." Filing No. 1. In its prior Memorandum and Order this Court was unable to determine if Petitioner intended to file a Petition under § 2254, ultimately denying Petitioner's motion for appointment of counsel without prejudice, finding there was no need for the appointment of counsel at this early stage of the proceedings if Petitioner indeed intended to file a petition at all. Filing No. 3 at 3.

On October 31, 2024, Petitioner filed a renewed motion seeking the appointment of counsel which states in its totality: "I would like to get a Motion for appointment of counsel. Please advise me." Filing No. 4. As previously noted in the prior order denying counsel, there is no constitutional or statutory

right to appointed counsel in habeas cases. Filing No. 3 at 3 (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997)). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Here, because Petitioner has not alleged any claims for relief or facts in support, it is impossible for this Court to determine whether Petitioner potentially meets any of the criteria for appointment of counsel. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Appoint Counsel, Filing No. 4, is denied without prejudice to reassertion.

2. The Amended Petition, Filing No. 5, is insufficient as pleaded, and the Court shall not act upon it. Petitioner shall have until **February 12, 2025**, in which to file a second amended petition for writ of habeas corpus if he wishes to proceed with this case. To be clear, if Petitioner wants to proceed with this case, he must file an amended petition for writ of habeas corpus under 28

U.S.C. § 2254 that (1) identifies the grounds upon which he seeks habeas relief, and (2) names a proper respondent.

3. Petitioner is directed to submit the $5.00 filing fee to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

4. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **February 12, 2025**: Check for MIFP or payment and for Second Amended Petition.

Dated this 13th day of January, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior U.S. District Court Judge