IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER R. SWANSON SR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF NEBRASKA, <br><br> Respondent. | 8:24CV396 <br><br><br> MEMORANDUM AND ORDER |

Having received the $5.00 filing fee in accordance with this Court's January 13, 2025, Memorandum and Order, *see* Filing Nos. 10 & 12 at 3, this matter is now before the Court on the Second Amended Petition for Writ of Habeas Corpus ("the Petition") brought pursuant to 28 U.S.C. § 2254, Filing No. 11, filed by Roger R. Swanson, Sr. ("Petitioner"). The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims[1] are:

Claim One: Petitioner received ineffective assistance of trial counsel because counsel failed to investigate potential witness Ronnie Graham.

---

[1] Petitioner has again left the spaces provided to list his claims in his form Petition blank. Filing No. 11 at 5–10 (spaces provided for Grounds One through Four left blank); *see also* Filing No. 5 at 5–10 (same). However, Petitioner provides some detail of his claims on handwritten sheets attached to his Petition which the Court construes as claims here. Filing No. 11 at 14–15.

    Claim Two:    The trial court erred in allowing Maria Madeira to testify for the State at Petitioner's trial.

    Claim Three:    Petitioner received ineffective assistance of counsel because counsel failed to obtain headphones or other hearing assistance for Petitioner so he could hear during his trial due to his hearing impariment.

Filing No. 11 at 14–15.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.[2]

Also, and upon its own motion, the Court will direct the Clerk of the Court to substitute Rob Jeffreys as the sole proper respondent in this matter. Petitioner is in the custody of the Nebraska Department of Correctional Services ("NDCS"), and Jeffreys, the Director of the NDCS, is the official custodian of Petitioner.

IT IS THEREFORE ORDERED that:

1.    By **July 7, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the

---

[2] While Petitioner appears to frame his "actual innocence" allegations as an independent claim, *see* Filing No. 11 at 15, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable.") (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

2

following text: **July 7, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition

to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **July 7, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

  E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

  F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 4, 2025**: check for Respondent's answer and separate brief.

  4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  5. The Clerk of Court is directed to update the Court's records to reflect that Rob Jeffreys is the sole proper respondent in this action.

Dated this 20th day of May, 2025.

            BY THE COURT:

            */s/ John M. Gerrard*
            John M. Gerrard
            Senior U.S. District Court Judge