IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROGER R. SWANSON SR.,

              Petitioner,

vs.

ROB JEFFREYS,

              Respondent.

**8:24CV396**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Clarification, Filing No. 22, and a motion for counsel, Filing No. 23. In his Motion for Clarification, it appears Petitioner seeks an explanation of the meaning of this Court's use of the term "Filing No." in its orders including the Memorandum and Order dated September 17, 2025, and instruction on how to proceed. *See* Filing No. 22.

The Court shall grant the Motion for Clarification, Filing No. 22, and the Motion to Appoint Counsel, Filing No. 23, shall be denied without prejudice.

## I. MOTION FOR CLARIFICATION

In his Motion for Clarification, Petitioner seeks clarification regarding the meaning of this Court's prior orders, indicating that he is unclear how to proceed with his case because he does not understand what documents the Court is referencing when the Court refers to various filing numbers. *See* Filing No. 22 at 1. The Court shall now provide an explanation of the terms used by the Court to assist Petitioner in understanding this Court's prior orders so he may proceed with his case.

For example, the Court refers to the Memorandum and Order dated September 17, 2025, as "Filing No. 21." When the Clerk's Office sends copies

of orders or documents filed in a case, a header appears at the very top of each page. The header for the first page of the September 17, 2025, Memorandum and Order appears as follows:

8:24-cv-00396-JMG-PRSE Doc # 21 Filed: 09/17/25 Page 1 of 2 - Page ID # 1626.

"'8:24-cv-00396" references the case number. "JMG" references the initials of the judge assigned to the case. "PRSE" references the assignment of the case to the pro se docket based on Petitioner's pro se status at the time his petition was filed. "Doc # 21" references the numerical assignment of the particular document in the Court's docket[1] for the case. Of note here, the "Doc #" references the same document as the "Filing No." used by this Court in its orders. "Filed: 09/17/25" references the date the document was filed with the Court (as opposed to the date it was sent or signed). "Page 1 of 2" references the exact page number of the document filed. Finally, "Page ID # 1626" is the exact page number of the document when considering all of the documents filed in the Court's docket in the case. For example, the first page of the first document filed into the docket in Petitioner's case is listed as "Page ID # 1." *See* Filing No. 1 at 1.[2]

With these explanations in mind, the Court shall now address Petitioner's request for an explanation of what the September 17, 2025, Memorandum and Order at Filing No. 21 (and referenced in the header as

---

[1] The docket tracks all of the documents filed into Petitioner's case in chronological order beginning with Petitioner's Petition filed on October 3, 2024, which is referenced by this Court as Filing No. 1, and is shown in the header of the Petition as "Doc. # 1". A copy of the current docket sheet in Petitioner's case shall be included with this Memorandum and Order for Petitioner's reference.

[2] When the Court refers to a filing number and then lists "at" followed by numbers, those numbers reference the page numbers of the document. In this instance, the Court is referring to the first page of Filing No. 1.

2

"Doc. # 21") instructed him to do. In that Memorandum and Order, the Court addressed Petitioner's correspondence with the Court dated August 30, 2025, (which was referenced as Filing No. 18, and corresponded with the "Doc. #18" header placed on the top of that document when filed with the Court), which the Court construed as a motion for status. *See* Filing No. 21 at 1. In his correspondence, Petitioner stated he was checking on the status of his case, explaining that he "received a letter on Aug. 12, 2025[,] from Jordan Osborne, that meant nothing to [him]," and asking the Court if the Court could "explain to [him] in layman terms what they are saying." Filing No. 18. The Court responded that it was unable to give legal advice to Petitioner, but that Petitioner could reach out to counsel for Respondent for clarification. *See* Filing No. 21 at 1–2. The Court further explained that the next step in Petitioner's case was for Petitioner to file a response to the Answer filed by Respondent addressing the claims raised in Petitioner's Petition and that Petitioner had through and until October 6, 2025, to do so. Filing No. 21 at 1.

To clarify, at this stage in the case Petitioner must file a response addressing Respondent's arguments regarding Petitioner's Second Amended Petition (which is located in the docket at Filing No. 11), set forth in Respondent's Answer (located in the docket at Filing No. 19), and his brief in support of his Answer (located at Filing No. 20 in the docket). While the deadline for Petitioner to file his response to Respondent's arguments was October 6, 2025, which has passed, this Court shall sua sponte extend the deadline for Petitioner to file his response to November 24, 2025.

## II. MOTION FOR COUNSEL

In his Motion for Counsel, Petitioner states that he is unclear on how to proceed and requires legal assistance in doing so. *See* Filing No. 23. However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial

3

court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court denies the Motion for Counsel because Petitioner has not articulated any reason aside from a general lack of understanding regarding how to proceed which could potentially provide a basis for such appointment. As Petitioner has also requested clarification regarding how to proceed which this Court has provided, the Motion for Counsel, Filing No. 23, shall be denied without prejudice. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

For these reasons, it is THEREFORE ORDERED:

1.      The Motion for Clarification, Filing No. 22, is granted.

2.      The Motion to Appoint Counsel, Filing No. 23, is denied without prejudice to reassertion.

3.      The Court sua sponte grants Petitioner through and until **November 24, 2025**, to file a response to Respondent's arguments as set forth in Respondent's Answer and brief in support (located at Filing Nos. 19 & 20).

4.      If Petitioner needs additional time to file his response to Respondent's Answer, he must file a written motion with this Court seeking an extension prior to the November 24, 2025, deadline.

5.      The Clerk's Office is instructed to send Petitioner a copy of the docket sheet following the entry of this Memorandum and Order into the docket.

6.      The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **November 24, 2025**: Check for Petitioner's Response to Answer.


Dated this 23rd day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge