IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER R. SWANSON SR., | |
| Petitioner, | **8:24CV396** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the Court on two motions filed by Petitioner Roger R. Swanson Sr. ("Petitioner"). In his first motion Petitioner seeks an extension to the deadline to file his response to the answer filed by Respondent (the "Motion to Extend"), Filing No. 25,[1] and in his second motion he seeks an update on the status of his case (the "Motion for Status"), Filing No. 27. The matter is also before the Court on a motion filed by Respondent seeking clarification as to whether the letter filed by Petitioner on December 8, 2025, *see* Filing No. 26, shall be treated as Petitioner's response to Respondent's answer (the "Motion for Clarification"), Filing No. 28. All three pending motions shall be granted.

---

[1] Petitioner's Motion to Extend also contains a statement that he is still "asking for appointed counsel," but does not supply any basis for such appointment or otherwise formally move for such appointment. *See* Filing No. 25. As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). As the Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time, and as Petitioner provides no basis for the appointment of counsel since his last motion seeking appointment was denied, *see* Filing Nos. 23 & 24, Petitioner's request shall not be further considered here, and no counsel shall be appointed.

In the Motion to Extend filed November 20, 2025, Petitioner appears to seek additional time to file his response to Respondent's answer and brief in support but does not state how much additional time he requires to file his response. *See* Filing No. 25. Petitioner then filed a letter on December 8, 2025, which did not indicate it was to serve as a response. *See* Filing No. 26. In Petitioner's Motion for Status, however, Petitioner seeks the status of the case but also indicates that his letter which was sent December 2, 2025, but filed December 8, is his response. *See* Filing No. 27 (stating "I also sent a letter with my response on 12/2/25"). In his Motion for Clarification, Respondent seeks clarification as to whether this Court construes Petitioner's December 8, 2025, letter as Petitioner's response or if the Court intends to allow Petitioner additional time to file a formal response. Filing No. 28.

The Motions for Clarification and for Status shall be granted. It is clear from the Motion for Status that Petitioner intended for the letter filed December 8 to serve as his response and that the Motion to Extend was filed in order for the December 8 letter to be deemed timely. Therefore, the Motion to Extend shall also be granted and Petitioner's December 8 letter shall be considered a timely response. To the extent Respondent intends to file a reply to Petitioner's response, he must do so within 30 days of this Memorandum and Order, after which the Petition shall be ripe for adjudication.

IT IS THEREFORE ORDERED THAT:

1. The Motions for Clarification, Filing No. 28, and Status, Filing No. 27, are granted.

2. Petitioner's Motion to Extend, Filing No. 25, is granted and the letter filed by Petitioner on December 8, 2025, at Filing No. 26 shall be considered Petitioner's response to Respondent's Answer and deemed timely filed.

3. The Clerk's Office is instructed to update the docket text to identify Filing No. 26 as Petitioner's response to Respondent's Answer.

4. The Clerk's office is directed to set the following pro se case management deadline: **February 9, 2026**: check for Respondent's reply to Petitioner's response.

Dated this 8th day of January, 2026.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge