IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER R. SWANSON SR., Petitioner, | **8:24CV396** |
| vs. | |
| ROB JEFFREYS, Respondent. | **MEMORANDUM AND ORDER** |

The matter is before the Court on a motion filed by Petitioner Roger R. Swanson Sr. ("Petitioner") seeking the appointment of "legal assistance to investigate . . . new evidence" (the "Motion"). Filing No. 36. The Motion is construed as a motion to appoint counsel and shall be denied.

Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*. And, once counsel is appointed, counsel may request assistance from the Court to retain investigative, expert, and other services necessary for adequate representation. *See* 18 U.S.C. § 3006A (authorizing funding for investigative, expert, and other services necessary for adequate representation in proceedings seeking relief under § 2254). However, as noted by this Court in denying Petitioner's prior motion for the appointment of counsel, there is no right to counsel in non-capital habeas proceedings. *See* Filing No. 24 at 3-4.

While Petitioner's reasons for seeking counsel are different from his last motion, *compare* Filing No. 23 (seeking counsel due to a general lack of understanding regarding how to proceed), *with* Filing No. 36 (seeking counsel to investigate potential evidence to establish Petitioner's actual innocence), the

motion must still be denied. Petitioner now seeks counsel to perform an investigation which he hopes will uncover evidence establishing his actual innocence. *See* Filing No. 26. Specifically, Petitioner argues that the Omaha Police Department allegedly failed to investigate an individual named Ronnie Graham, who could have been responsible for the crime Petitioner was convicted of. *See* Filing No. 26 at 1-2. The appointment of counsel is not appropriate to facilitate such an open-ended investigation with hypothetical results.

Generally, a habeas petition under section 2254 cannot be granted unless the petitioner has exhausted available state court remedies by presenting his habeas claims through one complete round of the state's established appellate review process. *See* 28 U.S.C. § 2254; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). However, fair presentation also requires presenting the substance of each federal constitutional claim to a full round of review in the state courts before seeking federal habeas corpus relief. This requires a petitioner to have "referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted).

As such, to exhaust a claim raised in a federal habeas petition by fair presentation and permit review of its merits by the federal courts, a claimant must have presented a claim which relies upon the "same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition[,]" *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (internal quotation and citation omitted), and submitted that same claim to a full round of state court review. As it is clear that Petitioner cannot present

evidence he has not yet found to the state courts, any claim he raises relating to that evidence could not be exhausted.

The failure to exhaust does not always preclude review by this Court as even when a petitioner fails to exhaust his claims, such claims can be addressed if the petitioner can demonstrate either (1) cause and prejudice or (2) actual innocence.[1] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, while actual innocence can be used as a "gateway" to excusing a petitioner's failure to exhaust a claim,[2] a petitioner cannot simply request discovery to develop evidence of innocence in a circular fashion, asking the court to excuse his failure to develop the record in state court in order to develop sufficient evidence of innocence in the federal forum. *See Battle v. Delo*, 64 F.3d 347 (8th Cir. 1995). Instead, courts have held that a habeas petitioner must come forward with a substantial showing of new reliable evidence to justify investigation and presentation of additional evidence through discovery or an evidentiary hearing in the federal forum. *See e.g.* Taylor v. Powell, 7 F.4th 920 (10th Cir. 2021).

Petitioner's need for legal assistance is more akin to a fishing expedition. Petitioner seeks legal assistance to perform an investigation in the hope that he finds new evidence which could potentially aid in establishing his innocence. As the "actual innocence" gateway exists "to avoid fundamental miscarriages

[1] To invoke the actual innocence exception, a petitioner "must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Jennings v. United States*, 696 F.3d 759, 764-65 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

[2] While Petitioner appears to frames his "actual innocence" allegations as an independent claim in his Motion,"[t]he actual innocence showing excuses a procedural bar," *see* Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)), but "it [is] an open question whether such freestanding claims of actual innocence are cognizable." *Rouse v. United States*, No. 20-2007, 2021 WL 4202105, at *4 (8th Cir. Sept. 16, 2021) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).

of justice, not to provide the opportunity for fishing expeditions and delay or . . . a second trial," *Battle*, 64 F.3d at 354, Petitioner cannot obtain counsel from this Court to assist him in doing so.

IT IS THEREFORE ORDERED: The Motion, Filing No. 26, shall be denied without prejudice.

Dated this 22nd day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge